

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/14/2009

| | | |
|---|---|---|
| IN RE: § | | |
| JEMILAT WILLIAMS; aka WILLIAMS § | CASE NO: 09-32242 | |
| Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| HELEN SCARDINO LONG § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 09-3163 | |
| § | | |
| JEMILA WILLIAMS, *et al* § | | |
| Defendant(s) § | | |

## OPINION, REPORT AND RECCOMENDATION
## FOR WITHDRAWAL OF THE REFERENCE

Plaintiff alleges that she engaged Debtor, a real estate agent, to sell her home. Plaintiff further alleges that Debtor and the other defendants engaged in a fraudulent scheme in the sale of the home, that the fraudulent scheme included violation of a bankruptcy court order issued by Judge Bohm in a separate bankruptcy case, and that defendants are liable to her for damages relating to the alleged fraud. Plaintiff further alleges that her husband had cancer during the transactions involving the alleged fraud and that he committed suicide partly as a result of the stress induced by the alleged fraud. Plaintiff also asks the Court to determine that Debtor's liability is not dischargeable in bankruptcy.

### A. ALLEGATIONS AND PROCEDURAL POSTURE

Debtor filed a voluntary petition commencing her bankruptcy case on April 3, 2009. On May 1, 2009, Plaintiff filed this adversary proceeding. Debtor received a bankruptcy discharge on August 12, 2009. The discharge may or may not apply to the alleged debt to Plaintiff, depending on the outcome of this adversary proceeding.

In response to Plaintiff's complaint, Defendants filed general denials (Jemila Williams [docket #3]; Olivia Boddard/By Faith, LLC [docket #4]; and Deborah Nobel Miller/Trend Setter Realty [docket #6] filed general answers. The other defendants are not bankruptcy debtors.

### B. JURISDICTION

28 USC § 157(d) states: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

The Fifth Circuit has established six factors to consider when a district court determines whether to withdraw the reference:

> 1) core versus non-core matters;
>
> 2) fostering the economical use of the debtors' and creditors' resources;
>
> 3) expediting the bankruptcy process;
>
> 4) reducing forum shopping and confusion;
>
> 5) whether jury demands have been made; and
>
> 6) promoting uniformity in bankruptcy administration.

*Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir.1985); *Levine v. M & A Custom Home Builder & Developer,* 400 B.R. 200, 2008 WL 5082400 (S.D.Tex. Nov.25, 2008); *Veldekens v. GE HFS Holdings, Inc.,* 362 B.R. 762, 767 (S.D.Tex.2007).

But the decision on whether to withdraw the reference of this adversary proceeding is driven more emphatically by the limitations on the bankruptcy courts jurisdiction. The essence of Plaintiff's claim is that Debtor and other defendants defrauded her in a real estate transaction, that the defendants are therefore liable to her in damages, and that Plaintiff's claim against Debtor is non-dischargeable in bankruptcy by authority of 11 USC § 523(a)(2).

The district court and its adjunct the bankruptcy court have exclusive jurisdiction over objections to dischargeability of debt under § 523(a)(2).[1] When a creditor seeks determination of dischargeability of a claim that has not been liquidated, the district court and its adjunct the bankruptcy court have jurisdiction to adjudicate liability *vel non* and the quantum of the claim, *vis a vis* the creditor and the bankruptcy debtor. *See In the Matter of Morrison*, 555 F.3d 473 (5th Cir. 2009). But the bankruptcy court does not have supplementary jurisdiction over claims against defendants who are not bankruptcy debtors.[2] Therefore, the bankruptcy court cannot (in the circumstances here presented) adjudicate claims against the co-defendants who are not bankruptcy debtors but who are allegedly liable to Plaintiff as a result of the alleged fraud. *Walker v. Cadle Co.*, 51 F.3d 562, 570 (5th Cir. 1995)

For the bankruptcy court to hear the objection to dischargeability of the alleged debt (over which federal courts have exclusive jurisdiction), the bankruptcy court must first (for lack of jurisdiction) dismiss all defendants except Debtor. But a single trial of the multiple defendants allegedly involved in this alleged single fraudulent enterprise is clearly preferable to separate trials in state and federal courts both for reasons of efficiency and economy as well as to

---

[1] 28 USC § 1334(b), 28 USC § 157(b)(1)(I), COLLIER's ON BANKRUPTCY, 15th Ed. ¶ 523.03.
[2] There might be circumstances in which there is other bankruptcy jurisdiction over those defendants, but that does not appear to be the case in this adversary proceeding.

assure consistent results. The district court may have supplementary jurisdiction to try both matters to a jury.[3]

Therefore, the undersigned bankruptcy judge recommends withdrawal of the reference of this adversary proceeding by the district court.[4]

SIGNED 10/13/2009.

_____
Wesley W. Steen
United States Bankruptcy Judge

---

[3] *Walker v. Cadle*, *supra*.

[4] Plaintiff also alleges that part of defendants fraud involved violation of an order issued by Bankruptcy Judge Bohm in Plaintiff's bankruptcy case. That order authorized the sale about which Plaintiff complains. The undersigned bankruptcy judge has conferred with Judge Bohm and neither believes that the alleged violation, in the context here presented, gives rise to independent federal jurisdiction. However, the allegation suggests other reasons not to dismiss the non-Debtor defendants and to retain the dispute in federal court.